UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROMMY FOTEH, JERRY SHANAR; TOMMY SHANAR; and HANNY SHANAR; on behalf of themselves and on behalf of all others similarly situated<br>    *Plaintiffs*<br>VS.<br><br>SONY COMPUTER ENTERTAINMENT AMERICA, LLC, a Delaware Limited Liability Company; SONY NETWORK ENTERTAINMENT INTERNATIONAL, LLC, a Delaware Limited Liability Company,<br>    *Defendants.* | § § § § § § § § § § § § § § § | CIVIL ACTION NO. _____ |

## ORIGINAL COMPLAINT

Plaintiffs Rommy Foteh, Jerry Shanar, Tommy Shanar, and Hanny Shanar; ("Plaintiffs"), file this Complaint on behalf of themselves and all others similarly situated against SONY COMPUTER ENTERTAINMENT AMERICA, LLC ("SCEA") and SONY NETWORK ENTERTAINMENT INTERNATIONAL, LLC ("SNEI") (collectively, "SONY" or "Defendants"), and would respectfully show:

### I.
### OVERVIEW

1. This action is brought on behalf of Plaintiffs individually, as representatives of the common or general interest and as class representatives for all others similarly situated nationwide against SONY to redress Defendants' breach of warranty, negligent data security, violations of consumers' rights of privacy, failure to protect those rights, and failure and on-going refusal to timely inform consumers of unauthorized third party access to their credit card account and other nonpublic and private financial information.

2. This action arises from SONY's failure to maintain adequate computer data security of consumer personal data and financial data, including, but not limited to credit card data and the reasonably foreseeable exploitation of such inadequate security by computer "hackers," causing the compromise of the privacy of private information of approximately seventy-seven (77) million account holders. Plaintiffs are informed and believe that this breach of security was caused by SONY's negligence in data security, including its failure to maintain a proper firewall and computer security system, failure to properly encrypt data, its unauthorized storage and retention of data, its violation of Payment Card Industry Data Standard(s) and rules and regulations they were bound to obey for the benefit of consumers concerning the storage of consumers' private identifying transaction and credit card information.

3. Subsequent to the compromise of private consumer information and financial data, Defendants unduly delayed or failed to inform in a timely fashion the appropriate entities and consumers whose data was compromised of their vulnerabilities and exposure to credit card (or other) fraud such that consumers could make an informed decision as to whether to change credit card numbers, close the exposed accounts, check their credit reports, or take other mitigating actions. Defendants have failed to provide regular credit reports and credit monitoring at their own expense to those whose private data was exposed and left vulnerable. This has caused, and continues to cause, millions of consumers fear, apprehension, and damages including extra time, effort, and costs for credit monitoring, and extra time, effort, and costs associated with replacing cards and account numbers, and burden, and is harming both consumers' and merchants' ability to protect themselves from such fraud. This lawsuit seeks to remedy this reprehensible situation.

4. Plaintiffs and all other users of PlayStation® consoles and PlayStation® Network ("PSN") service nationwide, were further damaged as a result of the disruption of service and loss of data security. This suit seeks to redress SONY's failure to adequately provide service to PlayStation® consoles and the PlayStation® Network ("PSN").

5. As reported in numerous published sources, as a result of the breach of security and loss of personal data belonging to Plaintiffs and Class members, users experienced an inability to access PSN services, including inability to use the online gaming network.

6. Defendants did not inform Plaintiffs or all other users of PlayStation consoles and the PSN nationwide regarding the reason for suspension of service or the fact of the security breach for a week after the security breach.

7. As a result of wrongful acts and omissions of the Defendants in this case, consumers and merchants have been exposed to one of the largest compromises of Internet security and the greatest potential for credit card fraud to ever occur in United States history.

8. Plaintiffs seek damages to compensate themselves and the Class for their loss (both temporary and permanent) of use of their PlayStation consoles and the PSN, and their time and effort spent attempting to protect their privacy, identities and financial information.

9. Furthermore, Plaintiffs are informed and believe that Defendants have been aware for a substantial period of time that PSN was prone to catastrophic loss of data from a security breach. Nevertheless, Defendants failed to warn their customers of the problem or tried to prevent them from suffering system suspension from security breaches and data losses. Defendants have failed to effectively remedy the problems and defects inherent in the PSN. Unwilling to admit fault, SONY sat silently while consumers purchased defective PlayStation

consoles and PSN service without warning customers about the risks inherent in purchasing and relying upon SONY's data security.

10. Plaintiffs seek actual and/or compensatory damages; equitable relief, including the replacement and/or recall of the defective PlayStation consoles and the PSN service; costs and expenses of litigation, including attorneys' fees; and all additional and further relief that may be available.

## II.
## PARTIES

11. Plaintiff Rommy Foteh, is a citizen of the State of Texas and the United States of America, who maintains a residence in Sugar Land, Texas.

12. Plaintiff Jerry Shanar is a a citizen of the State of Texas and the United States of America, who maintains a residence in Harris County, Texas.

13. Plaintiff Tommy Shanar is a a citizen of the State of Texas and the United States of America, who maintains a residence in Harris County, Texas.

14. Plaintiff Hanny Shanar is a a citizen of the State of Texas and the United States of America, who maintains a residence in Harris County, Texas.

15. Defendant, SONY COMPUTER ENTERTAINMENT AMERICA, LLC (formerly SONY COMPUTER ENTERTAINMENT AMERICA, INC.) ("SCEA") is a Delaware limited liability company with its executive offices and principal place of business and corporate headquarters in Foster City, California.

16. Defendant, SONY NETWORK ENTERTAINMENT INTERNATIONAL, LLC ("SNEI") is a Delaware limited liability company with its executive offices and principal place of business and corporate headquarters in Los Angeles, California.

## III.
## JURISDICTION AND VENUE

17. This case is subject to original jurisdiction in this court pursuant to the Class Action Fairness Act of 2005. Pub. L. No. 109-2, 119 Stat. 4 (codified in scattered section of 28 U.S.C.)("CAFA") because at least one member of the proposed class has a different citizenship from a defendant and the total matter in controversy exceeds $5,000,000. Thus, this court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. Venue is proper in the Southern District of Texas pursuant to 28 U.S.C. § 1391 because Defendants are located in this District and because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## IV.
## CLASS ACTION ALLEGATIONS

18. This action is maintainable as a class action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(1)-(3).

19. The Class consists of all persons who have been adversely effected by Defendants' violations of the privacy of class members' personal and private identifying information.

20. This action is properly maintainable as a class action for the following reasons:

a. The Class is so numerous that joinder of all members is impracticable. The class size is approximately 77 million, which is the number of individuals whose unencrypted information Defendants admit was taken when the PSN network was hacked.

b. Joinder of class members' individual actions is impractical because of the geographical diversity of class members, the limited ability of individual class members to institute separate suits, and the general nature of the underling action and relief sought.

c. Plaintiffs are committed to the vigorous prosecution of this action and has retained qualified and experienced counsel to represent the Class. Plaintiffs' counsel is familiar with class litigation. Plaintiffs' claims are typical of the claims of other members of the Class and Plaintiffs have no interest that is adverse or antagonistic to the interests of the Class. Plaintiffs were users of the PSN network when it was hacked and upon information and belief his personal information was taken along with 77 million others.

d. Class representatives Rommy Foteh, Jerry Shanar, Tommy Shanar and Hanny Shanar will fairly and adequately protect the interests of the Class.

e. There are substantial questions of fact and law common to all class members. The issues raised include whether Defendants acted or failed to act commensurate with their duties to protect the personal, private and confidential information of Plaintiffs and class members, whether such conduct violated their privacy and other laws, whether said violations were willful, wanton and/or reckless and whether such conduct gives rise to the various forms of relief requested and/or damages. The facts, circumstances, and merits of the case, therefore, apply equally to all class members.

f. The prosecution of separate actions by individual class members would create a risk of inconsistent results that could establish incompatible standards of conduct for Defendants.

g. Defendants' liability for damages can be established by facts and circumstances common to the Class as a whole and do not require the examination of Plaintiffs' individual circumstances.

h. Questions of law and fact common to members of the Class predominate over any questions affecting only individual members.

i. A class action is superior in this case to other methods for a fair and efficient adjudication of the controversy, because the common interests of the class members predominate over any individual interest in controlling prosecution or control of separate actions and because concentrating the litigation in this Court is appropriate to ensure consistent and efficient resolution of the legal and constitutional issues raised in the district where the offending conduct occurred, continues to occur, and could occur in the future.

## V.
## SUBSTANTIVE ALLEGATIONS

21. Defendants represent and advertise the PlayStation consoles and the PSN as being an exceptionally powerful and secure gaming system and online gaming network, offering games, music and movies to people with PlaysStation consoles.

22. The PlayStation consoles and PSN service allow users to play games online and buy content and services, such as new levels for games, movies, television shows or original programs.

23. On information and belief, PSN's security was breached between April 17-19, 2011, exposing names, addresses, email addresses, birthdates, usernames, passwords, logins, security questions and possibly credit card data belonging to approximately seventy-seven (77) million user accounts.

24. On information and belief, Defendants shut down PSN upon learning of the breach, but failed to advise Plaintiffs or members of the Class until Tuesday, April 26, 2011.

25. Defendants' shutdown of PSN prevented Plaintiffs and the Class from buying and downloading games or making use of their PlayStation consoles for multiplayer gaming over the Internet.

26. On information and belief, children with accounts established by their parents also may have had their data exposed.

27. SONY's spokesperson reportedly announced that, "...we are advising you that your credit card number (excluding security code) and expiration date may have been obtained."

28. On information and belief, members of the Class have begun to experience losses from fraudulent use of credit card information believed compromised by the security breach alleged herein.

29. Defendants have consistently misrepresented the quality and reliability of the PSN service and its ability to keep data secure, including, but not limited to its representations in its Privacy Policy, which states in pertinent part:

> **Accuracy & Security** We take reasonable measures to protect the confidentiality, security, and integrity of the personal information collected from our website visitors. Personal information is stored in secure operating environments that are not available to the public and that are only accessible to authorized employees. We also have security measures in place to protect the loss, misuse, and alteration of the information under our control...

30. On information and belief, SONY failed to maintain proper and adequate backups and/or redundant systems, failed to encrypt data and established adequate firewalls to handle a server intrusion contingency, failed to provide prompt and adequate warnings of security breaches and unreasonably delayed in bringing the PSN service back on line.

31. The harm caused by Defendants' false and misleading statements and omissions grossly outweigh any benefit that could be attributed to them.

32. On information and belief, Defendants are and have been aware of the scope of the problems with PSN service but have failed to take substantial corrective action. On information and belief, Defendants have taken only minimal action in response to consumer complaints.

8

33. Unless notice is provided to the Class, and immediate remedial action taken, most other users of the PlayStation and PSN service will eventually suffer the same fate, at considerable cost, expense and loss as Plaintiffs have suffered and continue to suffer to date.

34. On information and belief SONY was, at all times relevant therein, in violation of the Payment Card Industry Data Security Standard by, including (without limitation), the following conduct: improperly storing and retaining credit card transaction and customer data in an unencrypted, unsecured and unauthorized manner, failing to all reasonable steps to destroy, or arrange for the destruction of a customer's records within its custody or control containing personal information which is no longer authorized to be retained by the business by failing to shred, erase, or otherwise modify the personal information in those records to make it unreadable or undecipherable through any means; failing to properly install, implement, and maintain a firewall to protect consumer data; failing to properly analyze and restrict IP addresses to and from its computer systems; or properly perform dynamic packet filtering; failing to properly restrict access to its computers; failing to properly protect stored data; failing to encrypt cardholder data and other sensitive information; failing to properly implement and update adequate anti-virus and anti-spyware that would properly prevent unauthorized data transmissions caused by viruses, executables or scripts, from its servers or computer systems; failing to track and monitor all access to network resources and cardholder data; failing to regularly test security systems and process or maintain an adequate policy that addresses information security, or to run vulnerability scans.

35. On information and belief, due to security vulnerabilities at SONY, computer "hackers" (unauthorized third parties) gained access to SONY's computer data and compromised the security of approximately seventy-seven (77) million credit card accounts and related

security, identity and transaction data, including (without limitation) such data of Texas residents.

36. On information and belief, one or more unauthorized persons who accessed SONY's computer data gained unauthorized access to the personal financial, credit and debit account, identifying, and other nonpublic information on Plaintiffs herein.

37. The compromised and stolen data was private and sensitive in nature and, on information and belief, was left unencrypted by SONY on its servers and included (without limitation), on information and belief, consumers' names, credit card account numbers, access codes and other personal identifying information, including, but not limited to addresses, birthdates, usernames, passwords, logins and security questions.

## COUNT ONE - NEGLIGENCE

38. Plaintiffs incorporate by reference and restates here the factual allegations contained in paragraphs 1-37 above.

39. SONY obtained possession of confidential personal and financial information belonging to Plaintiffs and class members and had a duty to adequately protect that information from theft and unauthorized disclosure. SONY did not exercise reasonable care in safeguarding its current and former clients' confidential personal and financial information. SONY failed to comply with industry standards designed to protect such confidential personal and financial information from theft and/or prevent others from obtaining unauthorized access to that information.

40. SONY negligently delayed disclosure of the data breach, and therefore, unreasonably exposed Plaintiffs and class members to additional harm and injury.

41. SONY's negligence has directly and proximately caused Plaintiffs and class members' economic and non-economic damages including out-of-pocket loss, fear, anxiety and apprehension of fraud or loss of money, and exclusion from the point-of-sale credit market by following SONY's advice to enroll in a credit monitoring service due to the placement of fraud alerts on their credit files.

## VI.
## PRAYER

42. WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that this Court grant an order certifying this case as a class action and appoint Plaintiffs and their counsel to represent the class; actual damages for injuries suffered by Plaintiffs and the Class; compensatory damages according to proof; punitive damages; reasonable attorneys' fees and costs; prejudgment and postjudgment interest; and all other relief at law or in equity, to which Plaintiffs and the Class are justly entitled.

Respectfully submitted,

**ABRAHAM, WATKINS, NICHOLS, SORRELS, AGOSTO & FRIEND**

/s/ Muhammad S. Aziz
MUHAMMAD S. AZIZ
State Bar No. 24043538
Federal Bar No. 868540
800 Commerce Street
Houston, Texas 77002
Telephone: (713) 222-7211
Facsimile: (713) 225-0827
**ATTORNEY FOR PLAINTIFFS**